IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Kedrick Howard Hughes,       )
                             )    C.A. No. 8:19-03390-HMH-JDA
            Petitioner,      )
                             )    **OPINION & ORDER**
    vs.                      )
                             )
W. E. Mackelburg, *Warden*,  )
                             )
            Respondent.      )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Kedrick Howard Hughes ("Hughes"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on February 28, 2020, Magistrate Judge Austin recommends dismissing Hughes' petition without requiring the Respondent to file an answer or return due to a lack of jurisdiction. (R&R, ECF No. 23.)

Hughes filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Hughes' objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Hughes objects to the magistrate judge's recommendation that the court lacks jurisdiction because he cannot satisfy the second prong of the 28 U.S.C. § 2255 savings clause test. (Objs. 1, ECF No. 8.)

A federal prisoner may challenge the legality of his conviction under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (citing 28 U.S.C. § 2255). To demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction, the petitioner must establish that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 334. If the petitioner cannot satisfy the savings clause test, the court lacks jurisdiction to consider the petition.[2] United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018).

---

[2] "In evaluating substantive claims under the savings clause, . . . [courts] look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) (citations omitted). Thus, the court will apply the procedural law of the Fourth Circuit, which includes the jurisdictional savings clause test. Additionally, because Hughes was convicted in the Southern District of Florida, the court will apply the substantive

2

Hughes filed the instant § 2241 petition challenging the validity of his conviction based on Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

Hughes argues that the issue in the instant matter is not whether the conduct of which he was convicted remains a criminal offense but rather whether the elements of the offense have changed under Rehaif. (Obj. 3-4, ECF No. 27.) Further, Hughes contends that "the government must prove that he knew that his possession of a firearm was unlawful" and that "[j]ust because a person has knowledge of his status as a convicted felon does not mean that [he knows that he is] prohibited 'forever' from possessing a firearm." (Id. at 2-3, ECF No. 27.) However, this is a misinterpretation of the law. For this court to have jurisdiction over Hughes' petition, it is essential that the conduct of which Hughes was convicted be "deemed not to be criminal[.]" See In re Jones, 226 F.3d at 334.

The Eleventh Circuit has not directly addressed, in the context of § 2241 petitions, whether Rehaif changed the substantive law such that the conduct of which a prisoner was convicted was deemed not to be criminal.[3] However, the Eleventh Circuit's explanations in In

---

law of the Eleventh Circuit. United States v. Hughes, No. 1:15-cr-20990-KMM-1 (S.D. Fla. Dec. 21, 2015).

[3] This is due to the Eleventh Circuit's limited application of the savings clause test in § 2241 petitions. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1086-90 (11th Cir. 2017) (providing that if a petitioner could have raised his claim in a § 2255 motion, even if that claim would have been unsuccessful, the remedy is adequate and effective); Tannehill v. Romero, Case No. 1:19-cv-0524-MHH-JHE, 2020 WL 58458, at *2 (N.D. Ala. Jan. 6, 2020) (unpublished) ("Even if Rehaif could somehow apply to [the petitioner's] 2008 sentence, . . . [he] must raise his argument in a § 2255 motion, not in a § 2241 habeas petition

3

re Palacios, 931 F.3d 1314 (11th Cir. 2019) and In re Wright, 942 F.3d 1063 (11th Cir. 2019) show that Rehaif addressed the government's burden of proof in prosecuting cases under § 922(g). See In re Palacios, 931 F.3d at 1315; In re Wright, 942 F.3d at 1064-65. Thus, Rehaif does not apply if the government met its burden of proof.

During his plea hearing, Hughes admitted that "[t]he officers observed a loaded nine-millimeter Taurus pistol fall from [his] waistband when they detained him" and that prior to that incident, he "had been convicted of a crime punishable by imprisonment for more than one year." Hughes, No. 1:15-cr-20990-KMM-1. Thus, the government satisfied its burden of proof, and Hughes' conduct remains a crime. See In re Palacios, 931 F.3d at 1315 (11th Cir. 2019) (noting that Rehaif "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under [§ 922(g) and § 924(a)(2),] . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g).").

Moreover, the government is not required to prove that Hughes knew that he was prohibited from possessing a firearm. Rather, the government is only required to prove that Hughes knew that he belonged to the "relevant category of persons." Hunter v. Quintana, Civil Action No. 5:19-300-DCR, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (unpublished) ("[W]hile the Government's burden includes proof that a defendant was aware of his 'relevant status,' meaning that he knew that he was 'a felon, an alien unlawfully in this country, or the like,' . . . it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms."); United States v. Phyfier, Criminal Action No. 2:17cr482-MHT,

---

because [he] challenges the fact of his conviction and sentence and not the execution of the sentence.").

2019 WL 3546721, at *3-4 (M.D. Ala. Aug. 5, 2019) (unpublished) (accepting the argument that Rehaif requires a defendant to have knowledge of being a convicted a felon but that it "does not require that the defendant knew he was prohibited from possessing a firearm."); United States v. Black, Case No. 17-10123-EFM, 2019 WL 6052472, at *5 (D. Kan. Nov. 15, 2019) (unpublished) (noting that an indictment, which alleged that a defendant knew he possessed a firearm and knew that he was previously convicted of a felony, was sufficient to state a claim under § 922(g) and that "[i]t is not necessary for the Government to allege that [the defendant] knew convicted felons are prohibited from possessing a gun."). Consequently, Hughes has not satisfied the second prong of the savings clause test and the court lacks jurisdiction. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation to the extent it is consistent with this opinion and incorporates it herein by reference.

Therefore, it is

**ORDERED** that Hughes' petition, docket number 1, is dismissed without requiring the Respondent to file an answer or return. It is further

**ORDERED** that a certificate of appealability is denied because Allen has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 24, 2020

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[4] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.